FILED

2013 MAY 17 PM 3:18

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIMAL SUSANTHA DIUNUGALA, an individual,<br><br>                  Plaintiff,<br><br>vs.<br><br>JP MORGAN CHASE BANK, N.A.; THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A; AMERICAN HOME MORTGAGE SERVICING, INC., POWER DEFAULT SERVICES, INC., and DOES 1 through 10, inclusive,<br><br>                  Defendants. | CASE NO. 12cv2106-WQH-NLS<br><br>ORDER |

HAYES, Judge:

    The matter before the Court is the Motion for Leave to Amend Pleadings filed by Plaintiff. (ECF No. 16).

## BACKGROUND

    On July 20, 2012, Plaintiff Nimal Sustantha Diunugala initiated this action by filing a Complaint in San Diego County Superior Court. (EFC No.1-2). On August 24, 2012, all Defendants jointly filed a Notice of Removal to this Court, alleging diversity jurisdiction. (ECF No. 1).

    On January 18, 2013, the Court granted Defendants' Motion to Dismiss and dismissed the Complaint without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 15).

1  On March 4, 2013, Plaintiff filed the Motion for Leave to Amend Pleadings,
2  accompanied by a proposed First Amended Class Action Complaint. (ECF No. 16).
3  On March 26, 2013, Defendants filed an opposition to the Motion for Leave to
4  Amend Pleadings. (ECF No. 17). Defendants contend that granting leave to amend
5  would be futile and the addition of class allegations in the proposed First Amended
6  Class Action Complaint is "belated." *Id.* at 7.

## DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In determining whether to allow an amendment, a court considers whether there is "undue delay," "bad faith," "undue prejudice to the opposing party," or "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004) (citing the *Foman* factors). "Not all of the [*Foman*] factors merit equal weight.... [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citation omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

After review of the filings of the parties, the Court finds that there has been an insufficient showing of prejudice to Defendants or undue delay in bringing the proposed class allegations to overcome the "*presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* To the extent Defendants challenge the merits of the proposed First Amended Class Action Complaint, the Court defers consideration of the merits until after Plaintiff files the amended pleading. *See Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Ordinarily, courts will defer consideration of

challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to for Leave to Amend Pleadings is GRANTED. (ECF No. 16). No later than ten (10) days from the date this Order is filed, Plaintiff may file the proposed First Amended Class Action Complaint which is attached to the Motion for Leave to Amend Pleadings.

DATE: 5/15/13

WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE