# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIMAL SUSANTHA DIUNUGALA, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>JP MORGAN CHASE BANK, N.A.; THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A; AMERICAN HOME MORTGAGE SERVICING, INC.; POWER DEFAULT SERVICES, INC.; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 12cv2106-WQH-NLS<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Ex Parte Application for a Temporary Restraining Order, filed Plaintiff Nimal Susantha Diunugala. (ECF No. 39).

**I.   Background**

On January 3, 2014, Plaintiff, represented by counsel, filed an "Ex Parte Application for a Stay of the Lock Out (Stay of Execution) and to Recall/Quash the Writ and/or Immediately Remand to the State Court." (ECF No. 35).

On January 6, 2014, the Court issued an Order denying this motion. (ECF No. 37). The Court stated: "Diunugala fails to cite legal authority indicating that a federal court may stay execution of orders issued by a state court in these circumstances.

Diunugala fails to cite legal authority indicating that a remand of this action is appropriate. Accordingly, the Ex Parte Application is denied." *Id*. at 2.

On January 6, 2014, Plaintiff filed the Ex Parte Application for a Temporary Restraining Order. (ECF No. 39). Plaintiff "seeks a TRO to preliminary enjoin Defendants ... and any other persons or entities acting on their behalf, including the San Diego County Sheriff, from proceeding with enforcement of the writ of possession for the real property located at 975 Merced River Road, Chula Vista, California, and from any sale or other encumbrance of the property for the pendency of the action." *Id*. at 2. Plaintiff states: "Good cause exists for this request on the grounds the US District court has the inherent power to preserve its own authority to adjudicate the case. The federal action affects the issue of title. Yet a lock out order has been issued [by a state court in an unlawful detainer action] for January 7, 2014." *Id*.

## II.  Standard of Review

When the nonmovant has received notice, the standard for issuing a temporary restraining order is the same as that for issuing a preliminary injunction. *See Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc*., 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted).

## III.  Discussion

The sole remaining cause of action in the First Amended Complaint—which is the operative pleading—is the Plaintiff's third cause of action for violation of the Truth

1  in Lending Act, 15 U.S.C. § 1641(g). *See* October 3, 2013 Order Granting in Part and
2  Denying in Part Defendants' Motion to Dismiss, ECF No. 29. The only remedy
3  Plaintiff seeks in the third cause of action is actual and statutory damages. *See*
4  Complaint ¶ 81, ECF No. 19. Injunctive relief is not available as a remedy for a Truth
5  in Lending Act violation. *See* 15 U.S.C. § 1640. Plaintiff has failed to demonstrate
6  that, if he were to succeed on the merits of his sole remaining claim, injunctive relief
7  would be available to him.

8  Even if injunctive relief were available to Plaintiff, Plaintiff has failed to submit
9  evidence demonstrating that it is likely Plaintiff will prevail on his Truth in Lending Act
10 cause of action. Although the Court has found that the unverified First Amended
11 Complaint adequately alleges a claim for violation of the Truth in Lending Act, "[a]
12 motion for preliminary injunction must be supported by evidence that goes beyond the
13 unverified allegations of the pleadings." *Fid. Nat. Title Ins. Co. v. Castle*, No. C11-896-
14 SI, 2011 WL 5882878, at *3 (N.D. Cal. Nov. 23, 2011) (quotation omitted). The Court
15 finds that Plaintiff has failed to "establish that he is likely to succeed on the merits."
16 *Winter*, 555 U.S. at 20.

## IV.  Conclusion

IT IS HEREBY ORDERED that the Ex Parte Application for a Temporary Restraining Order is DENIED. (ECF No. 39).

DATED: January 6, 2014

**WILLIAM Q. HAYES**
United States District Judge