# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIMAL SUSANTHA DIUNUGALA, an individual, on behalf of himself and all others similarly situated,<br><br>                        Plaintiff,<br>vs.<br><br>JP MORGAN CHASE BANK, N.A.; THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A; AMERICAN HOME MORTGAGE SERVICING, INC.; POWER DEFAULT SERVICES, INC.; and DOES 1 through 10, inclusive,<br><br>                        Defendants. | CASE NO. 12cv2106-WQH-NLS<br><br>ORDER |

HAYES, Judge:

    The matter before the Court is the Amended Motion for Leave to Amend the Pleadings, filed by Plaintiff Nimal Sustantha Diunugala. (ECF No. 45).

## I.    Background

    On July 25, 2012, Plaintiff Nimal Sustantha Diunugala initiated this action by filing a Complaint in San Diego County Superior Court. (ECF No. 1-2). On August 24, 2012, all Defendants jointly filed a Notice of Removal to this Court. (ECF No. 1). On May 19, 2013, Plaintiff filed the First Amended Complaint, which is the operative pleading. (ECF No. 19). On October 3, 2013, the Court granted in part and denied in part Defendants' motion to dismiss, and dismissed all claims without prejudice except for the cause of action for violation of the Truth in Lending Act, 15 U.S.C. § 1641g.

1  (ECF No. 29).

2  On January 21, 2014, the Magistrate Judge issued an Order stating that "[a]ny motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before February 21, 2014." (ECF No. 43 at 1).

On February 21, 2014, Plaintiff filed a Motion for Leave to Amend the Pleadings, which included a memorandum of points and authorities in support of the motion, but did not include a proposed second amended complaint. (ECF No. 44). On February 27, 2014, Plaintiff filed the Amended Motion for Leave to Amend the Pleadings, which included a memorandum of points and authorities and a proposed second amended complaint. (ECF No. 45).

On March 17, 2014, Defendants filed an opposition to the Amended Motion for Leave to Amend the Pleadings, accompanied by a request for judicial notice. (ECF No. 46). Defendants contend that leave to amend should be denied because the Amended Motion for Leave to Amend the Pleadings was filed after the deadline for motions to amend the pleadings, and the proposed amendment would be futile because it would be subject to dismissal for failure to state a claim.

On March 24, 2014, Plaintiff filed a reply in support of the Amended Motion for Leave to Amend the Pleadings, accompanied by a request for judicial notice. (ECF No. 47).

**II.   Standard of Review**

A motion for leave to amend the complaint filed after the deadline for such motions is governed by the "good cause" standard of Federal Rule of Civil Procedure 16, which "primarily considers the diligence of the party seeking the amendment." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992) (same). The party seeking leave to amend must show good cause pursuant to Rule 16. *See Johnson*, 975 F.2d at 609.

If good cause is shown, a court may then consider the standard of Federal Rule

1  of Civil Procedure 15, which mandates that leave to amend "be freely given when
2  justice so requires." Fed. R. Civ. P. 15(a); *see also Johnson*, 975 F.2d at 608. The Rule
3  15 standard "is to be applied with extreme liberality." *Eminence Capital, LLC v.
4  Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In determining
5  whether to allow an amendment pursuant to Rule 15, a court considers whether there
6  is "undue delay," "bad faith," "undue prejudice to the opposing party," or "futility of
7  amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Not all of the [*Foman*]
8  factors merit equal weight.... [I]t is the consideration of prejudice to the opposing party
9  that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citation omitted).
10 "The party opposing amendment bears the burden of showing prejudice," pursuant to
11 Rule 15. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

**III.   Discussion**

Plaintiff contends that the Amended Motion for Leave to Amend the Pleadings, filed less than a week after the deadline in the scheduling order, should be considered to relate back to Plaintiff's prior motion for leave to amend, which was timely filed a week earlier. Plaintiff contends that even if the amended motion does not relate back, good cause exists for the untimely amended motion because it was based on "a sophisticated and complex Chapter 11 proceeding in Delaware that contained over 10,000 documents," and the amended motion was filed one day after the California Supreme Court declined the request to depublish *Glaski v. Bank of America*, 218 Cal. App. 4th 1079 (2013). (ECF No. 47 at 17-18).

Based upon the fact that Plaintiff timely filed the original motion and the reasons proferred by the Plaintiff, the Court finds that Plaintiff has adequately shown good cause pursuant to Rule 16 for filing the amended motion six days past the deadline. The Court finds that Defendants have not made a sufficiently strong showing of the *Foman* factors to overcome the presumption under Rule 15(a) in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052. The Court will defer consideration of any challenge to the merits of the proposed second amended complaint until after the

1  amended pleading is filed. *See Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D.
2  Cal. 2003) ("Ordinarily, courts will defer consideration of challenges to the merits of
3  a proposed amended pleading until after leave to amend is granted and the amended
4  pleading is filed.").

**IV.   Conclusion**

IT IS HEREBY ORDERED that the Amended Motion for Leave to Amend the Pleadings is GRANTED. (ECF No. 45). Plaintiff shall file the proposed second amended complaint attached to the amended motion within ten days of the date this Order is filed.

DATED: May 29, 2014

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge