1
2
3
4
5
6
7
8

9          **UNITED STATES DISTRICT COURT**

10         **SOUTHERN DISTRICT OF CALIFORNIA**

11  NIMAL SUSANTHA DIUNUGALA,              CASE NO. 12cv2106-WQH-
    an individual, on behalf of himself and   KSC
12  all others similarly situated,
                                            ORDER
13                              Plaintiff,

14         vs.

15  JP MORGAN CHASE BANK, N.A.;
    THE BANK OF NEW YORK
16  MELLON TRUST COMPANY, N.A;
    AMERICAN HOME MORTGAGE
17  SERVICING, INC.; POWER
    DEFAULT SERVICES, INC.; and
18  DOES 1 through 10, inclusive,

19                             Defendants.

20  HAYES, Judge:

21         The matter before the Court is the Motion for Summary Judgment (ECF No. 85)

22  filed by Defendant Bank of New York Mellon.

23  **I.     Procedural History**

24         On July 25, 2012, Plaintiff Nimal Susantha Diunugala initiated this action by

25  filing the Complaint with the San Diego County Superior Court. (ECF No. 1-2). On

26  August 24, 2012, all Defendants jointly filed a Notice of Removal to this Court,

27  alleging diversity jurisdiction. (ECF No. 1). On August 31, 2012, Defendants filed a

28  motion to dismiss the Complaint. (ECF No. 6). On January 18, 2013, the Court granted

1  Defendants' motion to dismiss the Complaint.  (ECF No. 15).

2        On May 19, 2013, Plaintiff filed the First Amended Complaint.  (ECF No. 19).

3  On June 6, 2013, Defendants filed a motion to dismiss the First Amended Complaint.

4  (ECF No. 20).  On October 3, 2013, the Court granted in part and denied in part

5  Defendants' motion to dismiss, and dismissed all claims without prejudice except for

6  the cause of action for violation of the Truth in Lending Act, 15 U.S.C. § 1641g.  (ECF

7  No. 29).

8        On January 21, 2014, the Magistrate Judge issued an Order stating that "[a]ny

9  motion to join other parties, to amend the pleadings, or to file additional pleadings shall

10  be filed on or before February 21, 2014. Fact and class discovery are not bifurcated but

11  class discovery shall be completed by all parties on or before April 25, 2014.... Plaintiff

12  shall file a motion for class certification no later than June 27, 2014."  (ECF No. 43 at

13  1-2).

14        On June 6, 2014, Plaintiff filed the Second Amended Complaint.  (ECF No. 55).

15  On June 26, 2014, Defendants American Home Mortgage Servicing, Inc. ("AHMSI"),

16  JP Morgan Chase Bank, N.A. ("JP Morgan"), Power Default Services, Inc. ("Power

17  Default"), and The Bank of New York Mellon Trust Company, N.A. ("BONY") filed

18  the motion to dismiss the Second Amended Complaint.  (ECF No. 56).  On January 21,

19  2015, the Court issued an Order granting in part and denying in part Defendants'

20  motion to dismiss the Second Amended Complaint.  (ECF No. 78).  The Order stated:

21        IT IS HEREBY ORDERED that the Motion to Dismiss Plaintiff's Second
       Amended Complaint (ECF No. 20) is GRANTED in part and DENIED in

22     part.  The Motion to Dismiss the third cause of action for violation of
       TILA is denied.  In all other respects, the Motion to Dismiss is granted,

23     and the remaining causes of action are dismissed.

24  (ECF No. 78 at 32).  The only remaining cause of action is Plaintiff's TILA claim

25  against Defendant BONY.

26        On May 18, 2015, Defendant BONY filed the Motion for Summary Judgment

27  (ECF No. 85) with an attached Request for Judicial Notice (ECF No. 85-3).  As of this

28  date, Plaintiff has not filed an opposition to Defendant BONY's Motion for Summary

1  Judgment.

2  **II.    Facts**[1]

3      Plaintiff obtained a loan ("Loan") from American Brokers Conduit which was
4  secured by a deed of trust recorded against the property located at 987 Merced River
5  Road, Chula Vista, California (the "Property") on or about March 30, 2006. Plaintiff's
6  Loan was transferred into a securitized trust known as the Structured Asset Mortgage
7  Investments II Trust 2006- AR5 Mortgage Pass-Through Certificates, Series 2006-AR5
8  (the "Trust") on or before May 31, 2006. The original trustee of the Trust was J.P.
9  Morgan Chase Bank, N.A. ("Chase"). Chase and The Bank of New York entered into
10  an agreement whereby The Bank of New York became the trustee of the Trust, in place
11  of Chase, effective as of the opening of business on October 1, 2006.[2] BONY has been
12  the Trustee of the Trust continuously and without interruption since October 1, 2006.
13  The Loan was held by the Trust continuously and without interruption from at least
14  October 1, 2006 until the Property was foreclosed on in April 2012. Plaintiff learned
15  of the transfer of his Loan to BONY by letter dated January 11, 2011 when the Loan's
16  servicer sent a letter to Plaintiff's then-attorney identifying BONY as the Loan's owner
17  and note holder. Plaintiff initiated this action on July 25, 2012. (ECF No. 1).

18      Plaintiff's Second Amended Complaint alleges that "[a]fter May 20, 2009, ...
19  BONY [was] required to notify the plaintiff in writing of the transfer of the loan from
20  lender to new creditor or assignee pursuant to 15 U.S.C. § 1641." (ECF No. 55 at 31).
21  Plaintiff further alleges that "BONY failed to notify plaintiff and those similarly
22  situated within 30 days of the purported assignment or transfer of plaintiff's loan when
23  it believed it became the new creditor or assignee after May 20, 2009 and failed to give
24  proper notice as described in 15 U.S.C. § 1641g." *Id.* at 32. Defendant BONY
25  contends that it is entitled to summary judgment because 15 U.S.C. section 1641(g) was

26  _____

27      [1] Unless otherwise indicated, all facts come from Defendant's Statement of Undisputed
Material Facts (ECF No. 85-2).
28
      [2] Bank of New York changed its name to Bank of New York Mellon.

1   not in effect at the time of the transfer and Section 1641(g) is not retroactive.

2   Defendant BONY further contends that it is entitled to summary judgment because

3   Plaintiff's claim is time-barred.

4   **III.    Request for Judicial Notice**

5       Defendant BONY requests that the Court take judicial notice of Exhibit A, a

6   Deed of Trust recorded on March 30, 2006, in the official records of San Diego County.

7       Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a

8   fact that is not subject to reasonable dispute because it ... is generally known within the

9   trial court's territorial jurisdiction; or ... can be accurately and readily determined from

10  sources whose accuracy cannot reasonably be questioned."   Fed R. Evid. 210(b).

11  "[U]nder Fed.R.Evid. 201, a court may take judicial notice of 'matters of public

12  record.'"  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *Mack*

13  *v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986)).

14      The Deed of Trust recorded on March 30, 2006, in the official records of San

15  Diego County is a matter of public record.  *See Grant v. Aurora Loan Servs., Inc.*, 736

16  F. Supp. 2d 1257, 1264 (C.D. Cal. 2010) ("The trustee's deed on the sale of the

17  Woodland Hills property is a document recorded by the Los Angeles County Recorder's

18  Office.  Aurora has provided a reference number for the document, showing that it was

19  in fact recorded; this demonstrates that it is a public record."); *Fimbres v. Chapel*

20  *Mortgage Corp.*, No. 09-CV-0886-IEG (POR), 2009 WL 4163332, *3 (S.D.Cal. Nov.

21  20, 2009) (taking judicial notice of a deed of trust, notice of default, notice of trustee's

22  sale, assignment of deed of trust, and substitution of trustee, as each was a public

23  record); *Angulo v. Countrywide Home Loans, Inc.*, No. 1:09-CV-877-AWI-SMS, 2009

24  WL 3427179, *3 n. 3 (E.D.Cal. Oct. 26, 2009) ("The Deed of Trust and Notice of

25  Default are matters of public record. As such, this court may consider these foreclosure

26  documents."); *Distor v. U.S. Bank NA*, No. C 09-02086 SI, 2009 WL 3429700, *2

27  (N.D.Cal. Oct. 22, 2009) (finding that a deed of trust, notice of default and election to

28  sell under deed of trust, and notice of trustee's sale were matters of public record and

thus proper subjects of judicial notice).  Defendant BONY's request for judicial notice of Exhibit A is granted.

**IV.   Motion for Summary Judgment**

**Summary Judgment Standard**

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A material fact is one that is relevant to an element of a claim or defense, determined by the substantive law governing the claim or defense. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

The moving party has the initial burden of demonstrating that summary judgment is proper.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153 (1970).  Where the party moving for summary judgment does not bear the burden of proof at trial, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."  *Celotex Corp. v. Cartrett*, 477 U.S. 317, 325 (1986); *see also United Steelworkers v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542-43 (9th Cir. 1989) ("[O]n an issue where the plaintiff has the burden of proof, the defendant may move for summary judgment by pointing to the absence of facts to support the plaintiff's claim. The defendant is not required to produce evidence showing the absence of a genuine issue of material fact with respect to an issue where the plaintiff has the burden of proof.  Nor does Rule 56(c) require that the moving party support its motion with affidavits or other similar materials negating the nonmoving party's claim.") (quotation omitted).

If the moving party meets the initial burden, the nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *see also Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient."). The nonmoving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (quotations omitted). The nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in its favor. *See Anderson*, 477 U.S. at 256.

### A.   Application of Section 1641(g)

Defendant BONY contends that it is entitled to summary judgment because Section 1641(g) was not in effect when the transfer occurred. Defendant BONY contends that Plaintiff's Loan was assigned to the Trust in advance of the May 31, 2006 Closing Date of the Trust. Defendant BONY contends that it became the trustee of the Trust on the opening of business on October 1, 2006, and has been trustee of the Trust containing Plaintiff's loan continuously since October 1, 2006. Defendant BONY contends that Section 1641(g) was not effective until May 19, 2009 and is not retroactive. Defendant BONY further contends that the assignments of the deed of trust recorded with the San Diego County Recorder's Office cannot create a triable issue because "under established California law, the recordation of an assignment of deed of trust is not dispositive of whether and when an assignment of the not has occurred...." (ECF No. 85-1 at 5). Defendant BONY contends that the assignments of the deed of trust recorded with the San Diego County Recorder's Office "simply memorialize ... the prior transfer of the loan." *Id*. at 6.

15 U.S.C. section 1641(g) provides in relevant part:

(1) In general

In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including–

(A) the identity, address, telephone number of the new creditor;

(B) the date of transfer;

(C) how to reach an agent or party having authority to act on behalf of the new creditor;

(D) the location of the place where transfer of ownership of the debt is recorded; and

(E) any other relevant information regarding the new creditor.

15 U.S.C. § 1641(g). However, Section 1641(g) went into effect on May 19, 2009, and its application is not retroactive. *See Ballard v. Bank of Am., N.A.*, No. 8:12-CV-1698-JST, 2013 WL 4807193, at *4 (C.D. Cal. Sept. 6, 2013); *Eng v. Dimon*, No. 11-3173 MMC, 2012 WL 2050367, at *1 (N.D. Cal. June 6, 2012); *Zinzuwadia v. Mortgage Elec. Registration, Inc.*, No. 2:12-CV-02281-KJM, 2013 WL 6782856, at *11-12 (E.D. Cal. Dec. 19, 2013); *Bradford v. HSBC Mortgage Corp.*, 829 F.Supp.2d 340, 353 (E.D.Va.2011) (stating that "nothing in TILA indicates that [section 1461(g)] should be applied retroactively, and retroactive application of the provision ... would undoubtedly and impermissibly 'attach[ ] new legal consequences to events completed before its enactment.'") (quoting *Landgraf v. USI Film Products*, 511 U.S. 244, 269-70 (1994)).

It is undisputed that Plaintiff obtained the Loan on or about March 30, 2006, and Plaintiff's Loan was transferred into a securitized trust on or before May 31, 2006. It is further undisputed that Chase and BONY entered into an agreement whereby BONY became the trustee of the Trust, effective as of the opening of business on October 1, 2006. Plaintiff's loan was transferred well before Section 1641(g) went into effect in May of 2009, and Section 1641(g) is not applied retroactively. The Court finds that Section 1641(g) is not applicable to BONY in this action.

**B.     Whether Plaintiff's Claim is Time-Barred**

Defendant BONY contends that it is entitled to summary judgment because Plaintiff's claim is time barred. Defendant BONY contends that the transaction at issue, the assignment of the loan, was consummated in 2006 and Plaintiff did not file suit until July 25, 2012, more than one year after the October 1, 2006 consummation of the

1  assignment of the loan.  Defendant BONY further contends that Plaintiff cannot
2  establish equitable tolling because Plaintiff admits that he learned of the transfer of his
3  loan to Defendant BONY in a letter dated January 11, 2011, which is more than one
4  year prior to the filing of the lawsuit on July 25, 2012.

5  A TILA damages claim must be brought "within one year from the date of the
6  occurrence of the violation."  15 U.S.C. § 1640(e).  The statutory period generally
7  "starts at the consummation of the [loan] transaction."  *King v. Cal.*, 784 F.2d 910, 915
8  (9th Cir.1986).  However, equitable tolling may be appropriate "in certain
9  circumstances," such as when a borrower might not have had a reasonable opportunity
10  to discover the nondisclosures at the time of loan consummation.  *Id*.  When a
11  complaint is otherwise time-barred on its face, the plaintiff must allege specific facts
12  explaining the failure to learn the basis for the claim within the statutory period rather
13  than relying on generalities.  *See Abels v. Bank of America, N.A.*, No. 11-CV-208 YGR,
14  2012 WL 691790, at *3 (N.D.Cal. Mar. 2, 2012); *Pedersen v. Greenpoint Mortgage*
15  *Funding, Inc.*, 900 F. Supp. 2d 1071, 1079 (E.D. Cal. 2012).

16  It is undisputed that Plaintiff's Loan was transferred into a securitized trust on or
17  before May 31, 2006, and that Chase and BONY entered into an agreement whereby
18  BONY became the trustee of the Trust, effective as of the opening of business on
19  October 1, 2006.  Plaintiff filed the Complaint in this action on July 25, 2012, well
20  outside of the one-year statute of limitations.  While the Court does not decide whether
21  equitable tolling is appropriate in this case, it is clear that Plaintiff's claim would still
22  be barred by the statute of limitations.  It is undisputed that Plaintiff was made aware
23  that BONY was the owner and note holder of Plaintiff's Loan by letter dated January
24  11, 2011, more than one year before Plaintiff initiated this action.  The Court finds that
25  Plaintiff's TILA claim is barred by the one-year statute of limitations.  *See* 15 U.S.C.
26  § 1640(e).

27

28  **V.    Conclusion**

        IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (ECF No. 85) is GRANTED.  Plaintiff shall have twenty (20) days from the date this order is issued to file any motion for leave to amend the complaint with respect to Plaintiff's negligence, Real Estate Settlement Procedures Act ("RESPA"), cancellation of documents to set aside the foreclosure sale, fraud, and California Business & Professions Code § 17200 claims.  If Plaintiff does not file a motion for leave to amend within twenty (20) days from the date this order is issued, the Clerk of Court shall enter judgment with respect to Plaintiff's Truth in Lending Act claim and close the case.

DATED:  June 30, 2015

**WILLIAM Q. HAYES**
United States District Judge