1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIMAL SUSANTHA DIUNUGALA, an individual, on behalf of himself and all others similarly situated, | CASE NO. 12cv2106-WQH-KSC |
| Plaintiff, | ORDER |
| vs. | |
| JP MORGAN CHASE BANK, N.A.; THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A; AMERICAN HOME MORTGAGE SERVICING, INC.; POWER DEFAULT SERVICES, INC.; and DOES 1 through 10, inclusive, | |
| Defendants. | |

HAYES, Judge:

The matters before the Court is the Amended Motion for Leave to Amend the Pleadings (ECF No. 90) filed by Plaintiff.

## I.    Background

On July 25, 2012, Plaintiff Nimal Susantha Diunugala initiated this action by filing the Complaint with the San Diego County Superior Court.  (ECF No. 1-2).  On August 24, 2012, all Defendants jointly filed a Notice of Removal to this Court, alleging diversity jurisdiction.  (ECF No. 1).

On May 19, 2013, Plaintiff filed the First Amended Complaint.  (ECF No. 19).

On June 6, 2014, Plaintiff filed the Second Amended Complaint.  (ECF No. 55).  On June 26, 2014, Defendants American Home Mortgage Servicing, Inc. ("AHMSI"), JP Morgan Chase Bank, N.A. ("JP Morgan"), Power Default Services, Inc. ("Power Default"), and The Bank of New York Mellon Trust Company, N.A. ("BONY") filed the motion to dismiss the Second Amended Complaint.  (ECF No. 56).  On January 21, 2015, the Court issued an Order granting in part and denying in part Defendants' motion to dismiss the second amended complaint.  (ECF No. 78).  The Order stated that "[t]he Motion to Dismiss the third cause of action for violation of TILA is denied.  In all other respects, the Motion to Dismiss is granted, and the remaining causes of action are dismissed."  *Id*. at 32.

On February 17, 2015, United States Magistrate Judge Karen S. Crawford issued an Order Setting Initial Dates.  (ECF No. 83).  The Order stated that:

> 1.  Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before March 13, 2015.
>
> 2.  Fact and class discovery are not bifurcated but class discovery shall be completed by all parties on or before May 13, 2015....

*Id*. at 1.

On May 18, 2015, Defendant BONY filed a motion for summary judgment. (ECF No. 85).  On June 30, 2015, the Court issued an order granting the motion for summary judgment.  (ECF No. 86).  The Order stated that:

> IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (ECF No. 85) is GRANTED. Plaintiff shall have twenty (20) days from the date this order is issued to file any motion for leave to amend the complaint with respect to Plaintiff's negligence, Real Estate Settlement Procedures Act ("RESPA"), cancellation of documents to set aside the foreclosure sale, fraud, and California Business & Professions Code § 17200 claims.

*Id*. at 9.

On July 20, 2015, Plaintiff filed a Motion to Amend the Complaint.  (ECF No. 89).  On July 21, 2015, Plaintiff filed the Amended Motion to Amend Motion for Leave to Amend the Pleadings.  (ECF No. 90).

## II.    Contentions

Defendants contend that Plaintiff cannot establish good cause for his untimely motion.  Defendants contend that "up until this Court's modification of the Scheduling Order in its June 30, 2015 Order granting BONY's motion for summary judgment, any motion to amend pleadings was due to be filed on or before March 13, 2015, some four months before."  (ECF No. 91 at 12).  Defendants contend that Plaintiff has not been diligent in pursuing this action. Defendants contend that Plaintiff has served no discovery requests since the dismissal of the Second Amended Complaint.  Defendants contend that the class discovery window closed on May 13, 2015, and he has made no effort to reopen it.

Defendants next contend that Plaintiff's motion should be denied pursuant to Rule 15.  Defendants contend that "Plaintiff has repeatedly failed to cure deficiencies by previous amendment, and the proposed amendments would be futile."  *Id.* at 14. Defendants contend that the proposed amendments do nothing to revive the claims this Court has previously dismissed on several occasions.

Plaintiff contends that he has amended the pleading to include the specific mishandling and the agreement by Defendant to consider Plaintiff's modification application with plausible facts against both AHMSI and BONY Mellon.  Plaintiff contends that he has amended the pleading to refocus the complaint from the acts of concealing the bank behind the loan to the failure to include a full payment history and the current amount owed on the loan, which the court did find was covered in the QWR.

## III.    Discussion

### Federal Rule of Civil Procedure 16

To the extent Defendants contend that Plaintiff's motion for leave to amend should be denied because Plaintiff has not shown good cause for filing the motion after the date permitted by the Order Setting Initial Dates, the Court finds that Plaintiff is permitted to file the motion for leave to amend because the Court granted Plaintiff twenty days from June 30, 2015, to file a motion for leave to amend.  *See* ECF No. 86

1  at 9 ("Plaintiff shall have twenty (20) days from the date this order is issued to file any

2  motion for leave to amend the complaint with respect to Plaintiff's negligence, Real

3  Estate Settlement Procedures Act ("RESPA"), cancellation of documents to set aside

4  the foreclosure sale, fraud, and California Business & Professions Code § 17200

5  claims."

6  **Federal Rule of Civil Procedure 15**

7        Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given

8  when justice so requires."  Fed. R. Civ. P. 15(a).  "This policy is to be applied with

9  extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th

10  Cir. 2003) (quotation omitted).  In determining whether to allow an amendment, a court

11  considers whether there is "undue delay," "bad faith," "undue prejudice to the opposing

12  party," or "futility of amendment."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Not

13  all of the [*Foman*] factors merit equal weight....  [I]t is the consideration of prejudice

14  to the opposing party that carries the greatest weight."  *Eminence Capital*, 316 F.3d at

15  1052 (citation omitted).  "The party opposing amendment bears the burden of showing

16  prejudice."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

17  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there

18  exists a *presumption* under Rule 15(a) in favor of granting leave to amend."  *Eminence*

19  *Capital*, 316 F.3d at 1052.

20        After review of the motion, and the filings of the parties, the Court concludes that

21  Defendants have not made a sufficiently strong showing of the *Foman* factors to

22  overcome the presumption under Rule 15(a) in favor of granting leave to amend.  *See*

23  *Eminence Capital*, 316 F.3d at 1052.  The Court will defer consideration of any

24  challenge to the merits of the proposed first amended complaint until after the amended

25  pleading is filed.  *See Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)

26  ("Ordinarily, courts will defer consideration of the challenges to the merits of a

27  proposed amended pleading until after leave to amend is granted and the amended

28  pleading is filed.").  In the event Plaintiff's claims survive the motion to dismiss, parties

may move the court to reopen discovery.

IT IS HEREBY ORDERED that the Amended Motion for Leave to Amend the Pleadings (ECF No. 90) is GRANTED.  Plaintiff shall file the proposed third amended complaint attached to the motion within ten (10) days of the date of this Order.

DATED:  September 3, 2015

**WILLIAM Q. HAYES**
United States District Judge